CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 0 2005

JOHN F. CORCORAN, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD CLIFFORD JOHNSON,<br>  Plaintiff, | Civil Action No. 7:04CV00050 |
| v. | **MEMORANDUM OPINION** |
| CLARKE FAUQUIER FREDERICK<br>WINCHESTER REGIONAL ADULT<br>DETENTION CENTER, et als.,<br>  Defendant. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Plaintiff Ronald Clifford Johnson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while pending release from the Clarke-Fauquier-Frederick-Winchester Adult Detention Center he was assaulted by correctional officers and subsequently denied medical treatment. He further claims that after his release defendants refused to investigate the alleged assault. As relief, Johnson seeks monetary damages.

By order entered February 3, 2004 plaintiff was directed to amend his complaint to name individual(s) as defendant(s), alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights. Plaintiff was also directed to particularize the facts of his claim and include as many specific details as possible about the events upon which his claims are based, including dates and any injury he suffered as a result of the alleged violation. In response, plaintiff submitted to the court a motion to amend and has named additional parties.[1]

After reviewing plaintiff's complaint and his amended complaint, I am of the opinion that

---

[1] Plaintiff failed to submit a timely response to the conditional filing order due to multiple transfers among institutions. Accordingly, the court dismissed his action for failure to comply on April 13, 2004. Thereafter, plaintiff filed a motion to amend or correct his complaint and evidence detailing the delay in his receipt of the court's order due to those transfers. Finding good cause for the failure to respond in a timely matter the court reinstated this cause of action and granted the motion to amend on January 11, 2005.

Johnson has failed to raise any claim of constitutional magnitude against defendants Ronald Wederbaugh, Fred D. Hilderbrand, and Larry T. Omps. Accordingly, those defendants will be dismissed from this action. Furthermore, I find that the Clarke-Fauquier-Frederick-Winchester Adult Detention Center and Nancy Rhodes Omps are not proper parties subject to suit under 42 U.S.C. § 1983. Accordingly, I will dismiss all claims raised against the detention center and Nancy Rhodes Omps.

### I. Claims and allegations

In his complaint, Johnson alleges that on February 13, 2002 he was released from Clarke-Fauquier-Frederick-Winchester Adult Detention Center. However, immediately prior to his release he claims that Defendants Kim McBride, Leon de Joun, Correctional Officer Alger, and Correctional Officer Dusing removed him from his cell, restrained him with chains and shackles, and then assaulted him. He further claims that these defendants then pushed him down "nineteen steel steps." At some point, the chains and shackles were removed and Johnson alleges that he "crawled" from the institution, dragging his "multi-fractured" left leg and hip behind him. During this time Johnson claims he asked Booking and Correctional Officer Jones for help, but she refused to call for medical assistance.

Johnson further alleges that he went immediately from the detention center to the Winchester Memorial Hospital. He claims that an emergency "hemiorthoplastic" operation was performed by Dr. Wynn. Additionally, he claims that the doctor later informed him that blood clots caused by the fracture made his injury life threatening.

Johnson then alleges that he informed Defendants Larry T. Omps, Mayor of the City of

2

Case 7:04-cv-00050-GEC-mfu   Document 27   Filed 06/10/05   Page 2 of 7   Pageid#: 161

Winchester, and Nancy Rhodes Omps, wife of the Mayor, of the alleged assault, but they refused to investigate this matter.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

As a threshold matter, the Clarke-Fauquier-Frederick-Winchester Adult Detention Center and Nancy Rhodes Omps are not state actors and therefore, are not proper defendants in a §1983 action. In the conditional filing order entered on February 3, 2004, plaintiff was directed to amend his complaint to name individual defendants and to particularize his claims within twenty days of the date of entry of that order. As plaintiff has named other defendants pursuant to that order, I will allow his claims against such defendants to go forward. However, all claims raised against the Clarke-Fauquier-Frederick-Winchester Adult Detention Center and Nancy Rhodes Omps must be dismissed.

### A. Excessive Force

Johnson claims that he was beaten and dragged down steel steps immediately preceding his

3

release from the Clarke-Fauquier-Frederick-Winchester Adult Detention Center. As a result of the alleged assault he suffered a broken hip and leg which required emergency surgery. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996). As Johnson claims that he was severely injured by defendants, who acted maliciously, he has alleged sufficient facts to allow this claim to proceed.

### B. Denial of Adequate Medical Care

Johnson alleges that after the assault he specifically requested that Defendant Jones call for emergency medical assistance. However, he claims she refused to make such a call. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox

4

v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). As plaintiff alleges that he was crawling out of the institution, dragging his left leg behind him, he has alleged sufficient facts of an injury so serious that even non-medical personal would recognize the need for medical attention. Accordingly, I will allow this claim to proceed.

### C. Supervisory Liability

Johnson has named Ronald Werdebaugh and Fred D. Hilderbrand, both act as supervisors to named correctional officer defendants, as defendants in his action, but has made no allegations as to the personal involvement of those defendants in the denial of his constitutional rights.

Although the doctrine of respondeat superior is inapplicable to § 1983 actions, supervisory officials may be held liable for the actions of their subordinates if the plaintiff can show: 1) that the supervisor had actual or constructive knowledge that subordinates were engaged in conduct that posed 'a pervasive and high risk' of constitutional injury; 2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and 3) there was an 'affirmative causal link' between the supervisor's inaction and the actual constitutional injury suffered by the plaintiff. Sadler v. Young 325 F.Supp.2d 689, 707 (W.D. Va., 2004); Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

Evidence that subordinates' conduct is widespread, or at least has been used on multiple occasions, and that such conduct poses a risk of constitutional injury supports a finding that there is a pervasive and high risk of constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Furthermore, deliberate indifference can be established by a showing of continued supervisory inaction when faced with documented abuses. Id. Finally, in that a person is held liable for the

natural consequences of his actions, such actions may form a proximate link between the supervisory defendant and the harm suffered. Id.

In this instance, Johnson has alleged that although not directly and personally responsible for the assault and subsequent denial of adequate medical care, Ronald Werdebaugh and Fred D. Hilderbrand are liable for the actions of the correctional officers who actually assaulted him and refused to then secure prompt medical care. However, Johnson has failed to allege specific facts which demonstrate that they were aware of the correctional officers' misconduct prior to the alleged violation. In fact, Johnson has alleged no facts, other than their respective roles as supervisors as a basis for liability. As such, I find that Johnson has failed to state a viable § 1983 claim and these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### D. Negligence

Johnson alleges that Defendant Mayor Larry T. Omps was negligent in his failure to respond to plaintiff's letter detailing defendants' assault and failure to provide adequate medical care. To the extent this can be construed as a claim of denial of due process, it must fail. Negligence does not constitute a deprivation of either substantive or procedural due process. Daniels v. Williams, 474 U.S. 327, 340-41 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986). As such, this claim must be dismissed.

.

### III. Conclusion

Based on the foregoing, I find that Johnson has failed to raise claims of constitutional magnitude regarding his allegations of supervisory liability and negligent denial of due process

6

rights. Accordingly, I find that those allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, I find that Johnson has made sufficient allegation of facts regarding his claims of excessive force and the denial of adequate medical care. Accordingly, I will allow these claims to go forward.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 10th day of June, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge