CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for

SEP 13 2005

JOHN F. CORCORAN, CLERK
BY: [signature]
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONALD CLIFFORD JOHNSON,<br>Plaintiff, | )<br>) Civil Action No. 7:04CV00050<br>) |
| v. | ) MEMORANDUM OPINION<br>) |
| CLARKE FAUQUIER FREDERICK<br>WINCHESTER REGIONAL ADULT<br>DETENTION CENTER, et als.,<br>Defendant. | )<br>)<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

This matter is before the court on defendants Alger, Dusing, and Jones' motion to dismiss, document number 32. The court notified plaintiff of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and advised plaintiff that his failure to respond to the defendants' motion may result in judgment being granted for the defendants. Plaintiff has filed a response to the defendants' motion, thus making the matter ripe for disposition.[1]

I. **Analysis**

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Then, the motion to dismiss should be granted only if it is clear that as a matter of law no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Defendants argue that all claims against them should be dismissed because his complaint is confusing and does not "even meet the requirements of 'notice pleading' set forth in Rule 8," fails to state sufficient facts to state a

---

[1] Plaintiff submitted multiple documents to the court which address issues raised in defendants' motion, but did not specifically reply to defendants' motion to dismiss. However, as the time for his to file such a response has expired, I find that the motion is ripe for disposition.

claim, and may be barred by the statute of limitations.

## A.

First, defendants argue that plaintiff's complaint is so "vague and unintelligible" that his claims do not specifically appear to relate to the defendants nor does it meet the requirements of notice pleadings under Rule 4. Generally pro se pleadings are held to a less stringent standard than those drafted by attorneys. Boag v. MacDougall, 454 U.S. 364, 365 (1982); White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). Furthermore, no matter how inartfully plead, dismissal of a complaint is only appropriate when the description of the underlying facts fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976).

In his complaint, Johnson alleges that on February 13, 2002 he was released from Clarke-Fauquier-Frederick-Winchester Adult Detention Center. However, immediately prior to his release he claims that Defendants Kim McBride, Leon de Joun, Correctional Officer Alger, and Correctional Officer Dusing removed him from his cell, restrained him with chains and shackles, and then assaulted him. He further claims that these defendants then pushed him down "nineteen steel steps." At some point, the chains and shackles were removed and Johnson alleges that he "crawled" from the institution, dragging his "multi-fractured" left leg and hip behind him. During this time Johnson claims he asked Booking and Correctional Officer Jones for help, but she refused to call for medical assistance. As Johnson made specific accusations as to defendants Alger, Dusing, and Jones, I find absurd defendants' argument that the actions of which he complains do not specifically relate to them.

## B.

Second, defendants argue that plaintiff failed to state sufficient facts to raise any

2

constitutional claim. As stated in this court's memorandum opinion entered June 10, 2005, document number 27, the court finds that plaintiff has provided sufficient facts to allege Eighth Amendment claims of excessive force against Alger and Dusing and deliberate indifference against Jones.

Johnson claims that he was beaten and dragged down steel steps immediately preceding his release from the Clarke-Fauquier-Frederick-Winchester Adult Detention Center. As a result of the alleged assault he suffered a broken hip and leg which required emergency surgery. The Eighth Amendment protects individuals against excessive prison sentences, as well as inhumane treatment and excessive force while imprisoned. See U.S. Const. amend. VIII. To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation) and a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (1996). As Johnson claims that he was severely injured by defendant Alger and Dusing, who acted maliciously, he has alleged sufficient facts to allow this claim to proceed.

Additionally, Johnson alleges that after the assault he specifically requested that Defendant Jones call for emergency medical assistance. However, he claims she refused to make such a call. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994);

3

see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Shelton v. Angelone, 183 F.Supp.2d 830, 840 (W.D.Va. 2002) (quoting Cox v. District of Columbia, 834 F.Supp. 439, 441 (D.D.C. 1992). As plaintiff alleges that he was crawling out of the institution, dragging his left leg behind him, he has alleged sufficient facts of an injury so serious that even non-medical personal would recognize the need for medical attention. Accordingly, I will allow this claim to proceed against Jones.

## C.

Third, defendants argue that plaintiff's claims may be barred under the statute of limitations. No federal statute of limitations applies in §1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, §1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. §8.01-243(a). Under these principles, a plaintiff bringing a civil rights action under §1983 in Virginia must do so within two years from the time when his action accrues. Id.

The time of accrual of a cause of action under §1983 is a federal question. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). In Nasim, the United States Court of Appeals for the Fourth Circuit held that a cause of action under §1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. An

4

inmate's §1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Depot, 947 F.2d 733 (4th Cir. 1991). In Virginia §1983 cases, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Johnson signed his complaint on January 5, 2004. Although there is some question as to why it was mailed a little over a month later, the envelope on which his pleadings were enclosed is postmarked February 12, 2004. Therefore, this matter must be considered to have been delivered to prison authorities for mailing at least by that day. As plaintiff alleges that the incident giving rise to his claims occurred on February 13, 2004, he filed his complaint within the two year statutory period. Accordingly, I find his complaint is timely.

## II.     Conclusion

Based on the foregoing, I will deny defendants' Motion to Dismiss. Defendants are directed to submit any additional dispositive motions within thirty (30) days of the entry of this order.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 13th day of September, 2005.

Senior United States District Judge

5